United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **ALIREZA TAMIMIARABZADEH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00628** |
| | § | |
| **MIGUEL VERGARA,** *et al.,* | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 10).

Respondents assert that Petitioner is subject to mandatory detention until he is removed pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) and that the *Zadvydas* framework is inapplicable. (Dkt. No. 10 at 2, 6). The Court notes the following persuasive authority that applies the *Zadvydas* framework to similar facts: *Alnajjar v. GEO Group, Inc.*, No. 25-CV-822, 2025 WL 3853217 (W.D. Tex. Dec. 23, 2025); *Jamshidiparvar v. Thompson*, No. 25-CV-1326, 2026 WL 301070 (W.D. Tex. Feb. 2, 2026). The cases conclude that the "until removed" language of the statute does not permit indefinite detention under *Zadvydas*, 533 U.S. 678 (2001). *Alnajjar*, No. 25-CV-822, 2025 WL 3853217, at *4; *Jamshidiparvar v. Thompson*, No. 25-CV-1326, 2026 WL 301070, at *3.

The Court **ORDERS** Respondents to file supplemental briefing **by May 14, 2026**, that addresses the persuasive authority cited above and applies the *Zadvydas* framework to this case in the event that the Court finds it applicable. Petitioner may file a reply **by May 21, 2026**.

It is so **ORDERED**.

**SIGNED** on May 7, 2026.

John A. Kazen
United States District Judge